CONNELL FOLEY LLP
Jeffrey W. Moryan, Esq.
56 Livingston Avenue
Roseland, NJ 07068
Phone: 973.535.0500
Fax: 973.535.9217
Attorneys for Defendant, United Airlines, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRED SCHLAFFER AND DEENA SCHLAFFER,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., THE PORT AUTHORITY OF NEW YORK & NEW JERSEY, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown),<br><br>　　　　　　Defendants. | Civil Action No. _____ |

**NOTICE OF REMOVAL**

TO:　THE JUDGES OF THE UNITED STATES DISTRICT COURT
　　　FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, Defendant, United Airlines, Inc., a corporation organized under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois, through its counsel, Connell Foley LLP, hereby removes to this Court the above styled action, pending as Case No. ESX-L-1329-22 in the Superior Court of New Jersey, Essex County, Law Division. United Airlines, Inc. believes that all of plaintiffs' claims are without merit, and will dispute them at the appropriate time, but for purposes of removal states as follows:

1. United Airlines, Inc. desires to exercise its right under the provisions of 28 U.S.C. § 1441 to remove this action from the Superior Court of New Jersey, Law Division, Essex County, where the case is now pending under the name and style, Fred Schlaffer and Deena Schlaffer v. United Airlines, Inc., et al., bearing Docket No. ESX-L-1329-22.

2. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint filed by plaintiffs on or about February 25, 2022, in the Superior Court of New Jersey, Essex County, is attached hereto as Exhibit A.

3. United Airlines, Inc. was served with a copy of the Summons and Complaint on March 17, 2022. A copy of the Affidavit of Service submitted by plaintiffs' counsel is attached hereto as Exhibit B.

4. Upon information and belief, service of the Summons and Complaint has not been effectuated upon defendant The Port Authority of New York & New Jersey.

5. Upon information and belief, defendant The Port Authority of New York & New Jersey has not answered or appeared for this action in the Superior Court of New Jersey, Essex County.

6. This action is removable to this Court by United Airlines, Inc., pursuant to 28 U.S.C. §1441(a).  A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014) (noting that 28 U.S.C. § 1446(a) by design tracks the "short and plain statement" pleading requirement of Fed. R. Civ. P. 8(a)). Accordingly, courts should apply the same liberal rules to removal applications that are applied to other matters of pleading. Id.

7. This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## DIVERSITY OF PARTIES

8. Complete diversity of citizenship exists between plaintiffs and all defendants properly joined and served.

9. Upon information and belief, Plaintiffs Fred Schlaffer and Deena Schlaffer are citizens of the State of California, and reside at 8277 Avenida Navidad, #2, San Diego, California. (See Plaintiffs' Complaint, Exhibit A, at Introductory Paragraph).

10. For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). United Airlines, Inc. was incorporated under the laws of the State of Delaware and its principal place of business is in Chicago, Illinois. Thus, United Airlines, Inc. is a citizen of Delaware and Illinois.

11. Defendant The Port Authority of New York & New Jersey has not answered or appeared for this action in the Superior Court of New Jersey, Essex County, and upon information and belief The Port Authority of New York & New Jersey has not been served. See Vargo v. D&M Tours, Inc., No. 2:21-cv-20030 (WJM), 2022 U.S. Dist. LEXIS 31569, fn. 2 (D.N.J. Feb. 23, 2022) (holding parties' citizenship did not trigger rule to preclude removal where neither party was served at the time of removal); see also Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018):

> Where federal jurisdiction is premised only on diversity of the parties, the forum defendant rule applies. That rule provides that a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest <u>properly joined and served</u> as defendants is a citizen of the State in which such action is brought. (citations and quotations omitted) (emphasis added).

12. Plaintiffs' allegations against unnamed defendants do not affect the fact that there is complete diversity in this case. "[T]he citizenship of defendants sued under fictitious names shall be disregarded." 28 <u>U.S.C.</u> § 1441(b)(1); <u>see also</u> <u>Joshi v. K-Mart Corp.</u>, Civil Action No. 06-5448 (JLL), 2007 WL 2814599, at *2 (D.N.J. Sept. 23, 2007) (holding that unnamed defendants did not defeat complete diversity requirement of 28 <u>U.S.C.</u> § 1332).

13. As required by 28 <u>U.S.C.</u> § 1332(a)(1) and 1441(b)(2), complete diversity exists because no defendant properly served is a citizen of the same state as the plaintiffs. Accordingly, there is diversity of citizenship between the parties.

## **AMOUNT IN CONTROVERSY**

14. Furthermore, the amount in controversy exceeds $75,000.

15. Plaintiffs' Complaint alleges that as a result of the accident at issue, Plaintiff Fred Schlaffer "has sustained severe and grievous personal injuries which have caused and will in the future cause pain and suffering." (See <u>Exhibit A</u>, Plaintiff's Complaint, First Count, at ¶ 5).

16. Plaintiffs' Complaint further alleges that as a result of the accident at issue, Plaintiff Deena Schlaffer "has been caused to loss and will continue to lose, the services, society, companionship, and consortium of her spouse and has been caused to spend and will continue to spend great sums of money to secure medical care and treatment for her spouse." (See <u>Exhibit A</u>, Plaintiffs' Complaint, Second Count, at ¶ 3).

17. Due to the nature and permanency of the damages alleged, United Airlines, Inc., therefore, presents a good faith application to the Court that plaintiffs' Complaint seeks damages in excess of the amount in controversy requirement of $75,000 in accordance with 28 U.S.C. § 1332. See Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

18. The within Notice of Removal is hereby filed within thirty (30) days of United Airlines, Inc.'s receipt of plaintiffs' Complaint, and within one year after the commencement of the action. See 28 U.S.C. § 1446(b)(3) and (c)(1).

19. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, United Airlines, Inc. will give written notice thereof to Plaintiffs and will file a copy of its Notice of Removal with the Clerk of the Superior Court of New Jersey, Essex County.

**WHEREFORE**, defendant, United Airlines, Inc., requests that the above action now pending in the Superior Court of New Jersey, Essex County, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

                                                  CONNELL FOLEY LLP
                                                  Attorneys for Defendant,
                                                  United Airlines, Inc.

BY:    */s/ Jeffrey W. Moryan*
           Jeffrey W. Moryan, Esq.

Dated: April 6, 2022

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Jeffrey W. Moryan, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                  CONNELL FOLEY LLP
                                  Attorneys for Defendant,
                                  United Airlines, Inc.

                    BY:    */s/ Jeffrey W. Moryan*
Dated: April 6, 2022                         Jeffrey W. Moryan , Esq.